29 Del.]     U. S. Fidelity Co. vs. Gray's Adm'rs.        161

Syllabus—Statement—Opinion.

The United States Fidelity and Guarantee Company, Incorporated, p. b. a., *vs.* Thomas J. Gray's Administrators, d. b. r.

1. Principal and Surety—Rights of Surety After Payment.

The employee in an employee's bond of indemnity against misconduct is liable to the surety company, under an implied contract to save it harmless, for an amount paid to the employer under the bond.

2. Limitation of Actions—Actions by Surety Against Principal.

In an action by the surety company against the principal in an employee's bond of indemnity, the liability not being on the bond, but on the implied contract, the statute of limitations governing actions of assumpsit, and not that touching bonds, applies.

3. Limitation of Actions—Actions by Surety Against Principal—Accrual.

A surety company's cause of action against the principal in an employee's bond of indemnity for an amount paid by it to the employer under the bond accrues on the day of such payment.

(*April* 12, 1916.)

Pennewill, C. J., and Conrad, J., sitting.
*Woodburn Martin* for appellant.
*Daniel J. Layton, Jr.*, for respondent.
Superior Court, Sussex County, April Term, 1916.

Appeal by plaintiff from a judgment of a justice of the peace, No. 10, February Term, 1915.

Action of assumpsit by the United States Fidelity and Guarantee Company, Incorporated, against Elma E. Gray and others, administrators of Thomas J. Gray, deceased, for money paid by the plaintiff indemnitor for the deceased.    The case was submitted to the court on an agreed statement of facts, the defendants relying upon the act of limitations pleaded.

The facts and questions of law are stated in the opinions. Judgment for plaintiff.

Conrad, J., delivering the opinion of the court:
The facts in this case as disclosed by the case stated are as follows:

On June 8, 1909, Thomas J. Gray gave a bond, with the United States Fidelity and Surety Company as surety, to the

Philadelphia, Baltimore and Washington Railroad Company, conditioned for the faithful performance of his duties as station agent of said railroad company. Gray died on October 11, 1911. The railroad company made an audit of his accounts after his death, and on May 23, 1913, ascertained and reported to the surety company that Gray owed the railroad company forty-two dollars and twenty-one cents, and demanded payment of the same. On March 2, 1914, the surety company paid the said sum of forty-two dollars and twenty-one cents to the railroad company. On April 23, 1914, counsel for the surety company notified the administrators of Gray that the company had paid the amount and requested reimbursement from the Gray estate. This not having been done, suit was brought on August 10, 1914, against Gray's administrators, before a justice of the peace, and the case is now before this court on an appeal from the justice.

Plaintiff below contends that as between Gray and the surety company there was an implied contract on the part of Gray to indemnify the surety company for the sum of forty-two dollars and twenty-one cents, being the amount paid to the railroad company under the bond, so the action before the justice was brought in assumpsit for money had and received.

Defendants below rely, in defense, upon the act of limitations, claiming that the surety company was not legally bound under the surety bond that was given, to pay the amount which was paid by the surety company to the railroad company, because payment under the bond could not be enforced at law as under the statutes of this state more than two years had elapsed after the cause of action had accrued and before the action was brought. That the payment so made, came under the law of principal and surety, and the payment being made without warrant of law, it was a voluntary payment on the part of the surety company, and cannot be recovered from the principal.

The Delaware statutes limit the time in which an action can be brought on a bond, for faithful discharge of service, to two years from the time of the accruing of the cause of action, and further specifies that no proceeding shall be taken on such bonds on any cause of action accruing six years after the date of the bond.

When did the cause of action accrue in the case before us? In *Jones v. Wootten*, 1 *Harr.* 79, the court says:

"In construing statutes the following rules may be considered as well established by judicial decisions, and fully entitled to respect. If a court can give a construction to a statute, consistent with the fundamental principles of justice and reason, it is their duty to do so. * * *

"A court is not to presume that the legislature designed to take away a vested right, nor ought their act to be so construed."

And in another Delaware case, *Layton v. State*, 4 *Harr.* 11, Chief Justice Johns says:

"This bond is a contract. The obligation is that which the contract binds the party to do. The obligation of a contract is one thing, the remedy another, the one cannot be touched, the other may be limited. But the remedy cannot be taken away before it accrues, without violating the obligation. For without some remedy, some power to enforce the contract, there is no obligation."

And Rogers, J., in the same case, 4 *Harr.* at *page* 34, very forcibly lays down the law regarding limitations of actions as follows:

"The great object of all statutes of limitations is to prevent the litigation of stale demands. Their provisions are founded in public policy, and their operation is upon the laches of the party entitled. They are upon the remedy alone. Such being their aim and scope it is indispensable, under the great principles of common right, that a perfect right of action should exist, before a forfeiture, arising from default can begin to attach.

"A remedy for legal injury must be provided for by fundamental law. It is one of the first principles of every social compact, and is expressly secured by the Constitution. Legislative powers may limit and restrain but cannot take it away without infringing upon those essential and inalienable rights, which are placed beyond its control. In accordance with these principles, it has been uniformly decided, that acts of limitation do not begin to act upon the remedy until the right, under the general rules of law, has been fully consummated. * * *

"Verbal or literal construction has very seldom prevailed in the interpretation of the acts of limitation. The courts almost invariably look only to their spirit and policy."

In the case before us Gray had been in the employ of the railroad company for many years. His death occurred on October 11, 1911. The company proceeded to ascertain the state of his accounts by making an audit of the same, and by the audit it was disclosed that there was a shortage in Gray's accounts of forty-two dollars and twenty-one cents, and notice was at once given of the deficiency to the surety company, to whom the

railroad company looked as Gray's surety. This notice to the surety company was given May 23, 1913. It was not until the latter date that the railroad company reported a shortage in the Gray accounts and called upon the surety company to make it good under the bond that had been given. On March 2, 1914, the surety company paid the amount $(42.21) to the railroad company.

[1-3] The surety company having paid the railroad company the amount claimed under the bond, the principal or indemnitee in the bond Thomas J. Gray became liable to the surety company for said amount so paid to the railroad company.

And this liability of Gray is not founded on the bond but is based upon an implied contract on the principal or indemnitee in the bond to indemnify or save harmless the surety from the amount paid by it under the bond. The statute of limitations touching bonds does not apply to the case before us. The court is clear that the cause of action in the case now before us accrued on March 2, 1914, the date when the surety company paid the forty-two dollars and twenty-one cents to the railroad company, and that the provisions of our statutes which limit to three years the time in which an action of assumpsit can be brought, applies to the case at bar.

Judgment is therefore ordered in favor of the United States Fidelity and Guarantee Company, the plaintiff below, appellant, and against Elma E. Gray, Martha I. Rankin and Robert R. Layton, administrators of Thomas J. Gray, deceased, the defendants below, respondents, for the sum of forty-two dollars and twenty-one cents with interest from the second day of March, A. D. 1914, besides costs of suit.

PENNEWILL, C. J., concurring:

I agree with Judge CONRAD in his decision, but base my conclusion on somewhat different reasoning.

The bond given in this case to the railroad company is, in a sense, a principal and surety bond, but it is more correctly described as a bond of indemnity. The surety did not agree to pay any certain sum of money, or perform some particular act,

but its obligation was to secure to the obligee the faithful performance by the principal of his duties as agent of said company. In effect it was to indemnify the company against any loss it might sustain from the failure of the agent to faithfully perform his duty.

Even though the statute of limitations was a bar to an action by the railroad company against the obligees, or either of them, at the time the surety company paid the money to the railroad company, it could not be a bar to an action by the surety company, indemnitor, against the estate of Gray to recover the money paid for his default.

In such case the cause of action could not accrue until the money was paid by the indemnitor, certainly not until notice and demand. A cause of action cannot accrue before there is a right and power to enter suit, and the indemnitor could not enter suit until it knew what the loss was.

But the question remains, can the surety company recover in this action if neither it nor the estate of Gray could have been compelled to pay in case suit had been brought on the bond and the statute of limitations pleaded?

Under the law of this state an executor or administrator is not compelled to plead the statute of limitations "against an unquestionably just and honest debt." *Chambers v. Fennemore,* 4 *Harr.* 368.

In that case Judge Harrington said:

"It is in the discretion of an administrator to use this defense only when the purposes of justice and fair protection of the estate require the statute to be pleaded. * * * There is nothing, therefore, in our present limitation laws that requires an administrator to set up the statute in bar of a claim which he knows to be just."

In analogy to that principle of law, it seems to me that an indemnitor is not bound to plead the statute to an action on such a bond as was given in the present case, if he believes the claim or demand is just.

While the court gave no reason for the decision referred to, it is reasonable to believe it was based upon the thought that the debtor, if living, would not plead the statute against an action

brought for an undisputed debt; and that which he would probably not do if living the law does not require his representative to do after his death.

My conclusion, therefore, is that the present action was not only not barred by the statute, but that the plaintiff may recover the amount sued for even though the railroad company could not have collected it by a suit on the bond if the statute of limitations had been pleaded.

The surety company was not compelled to plead the statute, and we cannot assume that Gray or his executor would have pleaded it against the railroad company's claim in an action on the bond.